Robinson CARDONA, Petitioner,

v.

David L. WINN, Warden, FMC Devens, Katherine Hawk–Sawyer, S. Howard, Doctor, Respondents.

No. 01–401–126–REK.

United States District Court, D. Massachusetts.

Nov. 8, 2001.

Robinson Cardona, Federal Medical Center, Ayer, MA, pro se.

Nancy Rue, United States Courthouse, Assistant U.S. Attorney, Boston, MA, for respondents.

### Opinion and Order

KEETON, District Judge.

### I. Pending Motion

Pending for decision is the United States' Motion to Dismiss (Docket No. 5 filed October 5, 2001) with Memorandum in Support (Docket No. 6, filed October 5, 2001). Petitioner has not filed an Opposition.

### II. Background

Petitioner filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Docket No. 2, filed June 13, 2001). Petitioner alleges that he is suffering from a kidney condition that requires the performance of a kidney transplant. He attaches documentation to his petition indicating that he has been accepted as a kidney transplant candidate at Florida Hospital. *See* Letter from Anne N. Conforti, R.N., attached to Docket No. 2. Petitioner requests that this court order a furlough from prison to receive the transplant and any necessary medical treatment.

### III. Explanation of Decision

Federal law clearly states that a petitioner must exhaust the administrative remedies provided by the prison before bringing the matter before this court. *See* 42 U.S.C. § 1997e(a). Administrative remedies are available to the petitioner as described in 28 C.F.R. § 542.10, et seq.

Although the Court of Appeals of the First Circuit has not ruled on the application of this exhaustion requirement to circumstances like those before the court in this case, other appellate courts have required exhaustion under § 1997e(a), regardless of whether seeking the administrative remedy would be futile. *See Nyhuis v. Reno,* 204 F.3d 65, 71 (3d Cir.2000); *Alexander v. Hawk,* 159 F.3d 1321, 1328 (11th Cir.1998).

The record indicates that Mr. Cardona has been seeking relief from the prison system for some time, and that it is relief that he has been unable to get. *See, e.g.,* Docket No. 2 at 3 *and* Letter from Bill Hedrick, Warden, attached to Docket No. 2. The record makes equally clear, however, that Mr. Cardona had not sought relief through the appropriate administrative process at the time he filed this petition. After the filing of this petition, Mr. Cardona has made a request to the Warden for an administrative remedy, and that request was denied on or about September 20, 2001. *See* Docket No. 6 at 4 *and* Horikawa Declaration.

According to the process described in 28 C.F.R. § 542.15, Mr. Cardona had 20 days from the date of that decision to appeal from the Warden's decision to the Regional Director, and if denied by the Regional Director, 30 days to appeal to the General Counsel of the Bureau of Prisons. The United States has informed the court that an administrative appeal had not been filed as of October 2, 2001. Docket No. 6 at 3. The time period for appeal under 28 C.F.R. § 542.15 would have run as of October 10, 2001. No evidence has been presented to the court that Mr. Cardona ever filed this appeal. The court is therefore concerned that Mr. Cardona, a pro se litigant, will have his habeas petition dismissed for failing to exhaust administrative remedies, and then will be unable to exhaust those remedies because the time for appeal has run. As it appears likely that excusable confusion on Mr. Cardona's part may have occurred, I have determined that though it is appropriate to allow the motion to dismiss, it is also appropriate to do so without prejudice and to extend the time for Mr. Cardona's administrative appeal if he has not already filed one.

## ORDER

For the foregoing reasons, it is ORDERED:

(1) The United States' Motion to Dismiss (Docket No. 5) is ALLOWED

(2) Time to file an administrative appeal to the Regional Director under 28 C.F.R. § 542.15 is extended to November 30, 2001.

(3) The clerk is directed to enter forthwith on a separate document a Final Judgment as follows:

For the reasons stated in the Opinion and Order of November 8, 2001, it is

ORDERED:

This civil action is DISMISSED for failure to exhaust administrative remedies, but this dismissal is WITHOUT PREJUDICE as explained in the Opinion and Order of November 8, 2001.