Stevie **FOSTER** (also identified by the name he chose to use as noticed in Docket No. 59, Jihad Qurán) Plaintiff

v.

Paul **MURPHY,** Superintendent of O.C.C.C. Bridgewater State Prison, Brian Amaral, Mike Suessa, and Jay Bluesteen, Correctional Officers at O.C.C.C. Bridgewater State Prison, Defendants

### No. CIV.A. 97–11648–REK.

United States District Court, D. Massachusetts.

July 16, 2002.

Stevie Foster, MCI Cedar Junction, Walpole, MA, Pro se.

Leslie Wolcott, Bridgewater State Hospital, Robert E. Conlon, Bridgewater State Hospital Counsel, Bridgewater, for Defendants.

## Opinion

KEETON, District Judge.

### I. Pending Motion

Pending for decision is Defendants' Motion for Summary Judgment (Docket No. 115, filed April 16, 2002). Defendants have filed a Memorandum in Support (Docket No. 116, filed April 16, 2002) that includes a Statement of Undisputed Material Facts Pursuant to Local Rule 16.1. Plaintiff has not filed an Opposition.

### II. Background

Plaintiff's initial complaint in this case (Docket No. 5, filed July 27, 1997) alleges that on May 31, 1997, the plaintiff was assaulted by three correction officers during a "use of force" incident at Old Colony Correctional Center (O.C.C.C.).

Plaintiff's Motion by Stevie Foster to Supplement the Defendant's Civil Action Complaint (Docket No. 17, filed July 27, 1997) was not labeled as a motion for leave to amend but indicated that plaintiff wished to expand the lawsuit by alleging one or more additional incidents, on days other than May 31, 1997, and adding one or more additional defendants. The court treated this document as a motion for leave to amend. The document did not have a draft of the proposed amended complaint attached to it.

To expedite proceedings, the court, over defense opposition, allowed the leave to amend (Docket No. 20) but with explicit notice that the court was not then ruling on whether plaintiff could properly expand the scope of this lawsuit by allegations of additional incidents or by allegations adding more parties. Those matters were left as matters to be considered after the proposed amendment was filed and defense counsel had an opportunity to challenge either or both kinds of expansions of the scope of the lawsuit on grounds of improp-

er joinder of incidents, or parties, or both. The Amended Complaint was received by the Clerk and filed (Docket No. 21, filed September 23, 1998).

Defendants asserted both these kinds of challenges as aspects of their Motion for Partial Judgment on the Pleadings (Docket No. 53, filed November 1, 1999). The court made the following ruling in its Opinion of May 12, 2000:

The historical development, over centuries, of the procedures and practices for resolution of disputes in courts of general jurisdiction in the United States has been associated most often with disputes governed by the law of contract and tort, less often with disputes governed by property law, and seldom with disputes governed by more specialized bodies of law applying to matters such as probate, family law, trusts, taxation, and bankruptcy. Until recent decades, the paradigm cases were two-party disputes over a single transaction or occurrence. As economic and social relationships have become dramatically more complex in recent decades, so, too, the disputes brought into our courts have become more complex. Greater needs have emerged for court procedures and practices that, through structure, focus, and orderly process aid parties, attorneys, judges, and other participants to understand both the factual and the legal aspects of a case, even when an obstacle of complexity must be overcome before full understanding is possible.

Allowing a case to be expanded from a focus on a single incident or occurrence, on one date, to a sequence of events involving more persons and a larger range of associated circumstances that bear upon how they are perceived and interpreted by parties, witnesses, advocates, and decisionmakers, is likely to impair the quality of preparations for decision and the quality of decisions as well.

The need for structure, focus, and orderly process in circumstances of complexity weighs heavily in favor of placing reasonable limits on joinder of claims and joinder of parties. Bringing together in one case claims based on a sequence of occurrences rather than occurrences on a single date, and involving different participants and witnesses, is likely to impede thorough understanding.

In this case, plaintiff has failed to allege in the Amended Complaint circumstances that would make it appropriate to add complexity to this case by adding to the subject matter incidents occurring on dates before May 31, 1997, the date of the alleged occurrences on which the original complaint was based.

In these circumstances, I conclude that it will be appropriate to dismiss without prejudice, because of improper joinder, the claims based on incidents occurring on dates other than May 31, 1997, and the claims against the party, "Jane Doe Nurse, Old Colony Correctional Center," whom plaintiff attempted to add as a defendant in the Amended Complaint. A better focus for this case can be maintained if it is not complicated by inappropriate joinder.

Docket No. 74 at 21–22.

In the same May 12th Opinion, the court ALLOWED plaintiff's Motion to Amend Complaint by Adding Plaintiff's Legal Name (Docket No. 72, filed March 9, 2000).

## II. The Amended Complaint

The current motion for summary judgment seeks dismissal of all claims against the remaining defendants. The court will refer to only those allegations in the

Amended Complaint relating to claims not previously dismissed.

Allegations in text concerning the identity of defendants were the following:

4. The defendant Brian Amaral, is an[d] was at all times relevant hereto this Civil Action Complaint a Correctional Officer at "O.C.C.C." He is being sued in both his individual and official capacity.

5. The defendant Mike Suessa, is and was at all times relevant hereto this civil action complaint a Correctional Officer at the "O.C.C.C." and he is being used in both his individual and official capacity.

6. The defendant Jay Bluesteen, is an was at all times relevant hereto this civil action complaint a Correctional Officer at O.C.C.C. and as such he is being sued in both his individual and official capacity.

*Id.* at 1–2 (footnote omitted).

Factual allegations were as follows:

21. In further protest of the mistreatment that the Plaintiff was again subjected to upon his return to segregation, he on May 31, 1997, continued his hunger strike, while sleeping in his cell he was approached by defendant Brian Amaral, who asked the Plaintiff if he wanted his vital signs read, at which the Plaintiff stated "No."

22. Approximately 15 minutes later the defendant Amaral again approached the Plaintiff along with a nurse who demanded him to remove his blanket; the Plaintiff inquired "What for?" and the nurse stated "I need to ask you a few questions."

23. At that time the Plaintiff removed the Blanket which was covering him, and approached the cell door to speak with the nurse, who asked the Plaintiff if he had any thoughts of harming himself, the Plaintiff replied "No and please leave me alone." The nurse and the defendant Amaral then left the Plaintiff's cell.

24. A few minutes alter the defendant Amaral returned to the Plaintiff's cell along with several other offices and gave the Plaintiff a Direct order to turn around and put his hands through the food slot so he could be handcuffed, at which the Plaintiff relied "Why, where am I going?"

25. Defendant Amaral then replied your being moved to the Hospital Unit, at which time the Plaintiff told defendant Amaral, that he would like to speak to the Unit Sgt.

26. Defendant Amaral then said in a low voice to another defendant officer Mike Suessa that the Plaintiff refused to cuff up, at that time Plaintiff's cell door was opened and he was struck in the head with a pair of Handcuffs.

27. Plaintiff then fell to the floor while the defendant Amaral and Suessa and others unknown, continued to kick and punch him unconscious; Plaintiff awoke in the hospital in a cell totally naked, but never received any medical attention, while at the same time he was continually being verbally harassed by defendants Amaral and Suessa.

*Id.* at 3–6 (footnote omitted).

The Cause of Action that referred to these allegations stated:

A. The actions of the Defendants as stated in paragraphs 1–24 violated the Plaintiff's First, Fifth, Sixth and Eighth Amendment rights to the

United States Constitution, when they:

1. Segregated the Plaintiff for speaking up about his food;

2. Assaulted the Plaintiff for no reason at all;

3. Confined the Plaintiff to a cell in the New Man's section naked and opened up all of the windows so he could freeze./

*Id.* at 6–7.

Allegations as to Relief Requested were as follows:

1. Grant the Plaintiff punitive damages of One Hundred and Fifty Thousand Dollars against all defendants.

2. Grant the Plaintiff compensatory damages in the amount of Fifty Thousand Dollars;

3. Grant the Plaintiff injunctive relief as follows:

A) Caused to be removed any and all disciplinary reports lodged against him regarding this incident;

B) Restrain the defendants their friends and brother officers from harassing the Plaintiff due to his filing this civil action complaint.

4. Grant the Plaintiff reasonable Attorney Fees for prosecuting this civil action complaint.

*Id.* at 7.

### III. Remaining Claims

All claims for damages against the defendants in their official capacities have already been dismissed from this lawsuit. As the court has previously stated:

Each defendant, as to claims against him or her in an official capacity, is not a "person" as that term is used in 42 U.S.C. § 1983 and, for that reason, is not subject to a judgment for an award of damages. *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 109 S.Ct. 2304, 2311, 105 L.Ed.2d 45 (1989); *Wilson v. Brown,* 889 F.2d 1195, 1198 (1st Cir. 1989).

On this ground, each of defendants Amaral, Suessa, and Bluesteen, is entitled to judgment against all of plaintiff's claims for an award of damages against him. It will be so ordered.

Docket No. 74 at 21–22.

Plaintiff's request for relief is therefore limited to claims for money damages against the defendants in their individual capacities, as well as injunctive relief.

The court has also dismissed all claims against defendants that are based on alleged violations of the First, Fifth, Sixth, and Fourteenth Amendments. *See* Docket No. 74 at 22–23. The only remaining claims against Amaral, Suessa, and Bluesteen, therefore, are those for alleged violations of the Eighth Amendment.

### IV. Defendants' Motion for Summary Judgment

In a Status Report (Docket No. 113) filed on December 3, 2001, defendants requested that they be allowed to file a motion for summary judgment. The court permitted defendants to file a motion for summary judgment on or before April 15, 2002, with a response due from plaintiff on or before May 7, 2002. *See* Docket No. 114 at 4. According to the docket, defendants in fact filed their motion for summary judgment on April 16, 2002. As April 15th was a state holiday, and as no prejudice to plaintiff has resulted from the one-day delay, the court rules that the motion for summary judgment is before the court for decision on the merits.

Defendants claim that summary judgment is appropriate on all remaining claims because (1) plaintiff has failed to exhaust administrative remedies, (2) plaintiff's injuries are *de minimis,* (3) the al-

leged Eighth Amendment violation is deficient as a matter of law, (4) defendants are protected by official immunity, and (5) defendants are protected by qualified immunity.

The court will not address the immunity arguments. As stated above, the court has already dismissed claims against the defendants in their official capacities. The court has also previously addressed the issue of qualified immunity. *See* Docket No. 74 at 17. Defendants offer no persuasive arguments based on the record as to why qualified immunity applies, particularly where plaintiff is alleging an intentional use of excessive force. Moreover, defendants arguments regarding the *sufficiency* of plaintiff's evidence as to excessive force are more appropriately addressed in determining whether plaintiff has met his burden of proffering enough evidence to support his contention that the evidence before the court is enough to support a finding in his favor on each fact essential to supporting at least one of the viable legal theories advanced.

## V. The Merits

Plaintiff has not filed any opposition to the motion for summary judgment. The court nevertheless proceeds to determine its merits.

█ It is uncontested that plaintiff failed to comply with the grievance procedure established by the Massachusetts Department of Corrections. *See* Docket No. 116 at 7. The Prison Litigation Reform Act (PLRA), adopted in 1995, contains an exhaustion requirement applicable to this matter:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such ad-

ministrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

█ The Supreme Court has recently ruled that this provision applies to "general circumstances or particular episodes" as well as to allegations of "excessive force or some other wrong." *Porter v. Nussle,* 534 U.S. 516, 122 S.Ct. 983, 992, 152 L.Ed.2d 12 (2002). The exhaustion requirement is mandatory and not a matter as to which the district court has discretion. *Id.* at 988. Furthermore, a plaintiff, before proceeding with a civil action in court, must exhaust administrative remedies even if it would be futile to do so. *See Cardona v. Winn,* 170 F.Supp.2d 131, 131–32 (D.Mass. 2001).

It is therefore appropriate for the court to dismiss all outstanding claims against defendants without prejudice. The court makes no ruling regarding the merits of plaintiff's Eighth Amendment claims against Amaral, Suessa, and Bluesteen, because plaintiff cannot proceed with these claims without first exhausting administrative remedies. .

## ORDER

For the foregoing reasons, it is ORDERED:

(1) Defendants' Motion for Summary Judgment (Docket No. 115, filed April 16, 2002) is ALLOWED for the reasons explained in Part V.

(2) All claims in this civil action not previously dismissed are hereby DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies.

(3) The clerk is directed to enter forthwith on a separate document a Final Judgment as follows:

For the reasons stated in the Opinion of July 16, 2002, it is ORDERED:

This civil action is DISMISSED.

### Final Judgment

For the reasons stated in the Opinion of July 16, 2002, it is ORDERED:

This civil action is DISMISSED.